JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 23-1833 JGB (SSCx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | *Jason Scott Hukill v. The State of California, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order DISMISSING Plaintiff's Complaint for Want of Jurisdiction (IN CHAMBERS)

On September 7, 2023, Plaintiff Jason Scott Hukill filed a complaint against Defendants the State of California, Judge Sean Lafferty, James Neavitt, James Cuellar, Karen Rohan, the Office of the United States Bankruptcy Trustee, and Does 1 through 50. ("Complaint," Dkt. No. 1.) The Complaint alleges 20 causes of action for due process violations under the United States and California Constitutions, violation of the Full Faith and Credit Clause of the United States Constitution, tortious interference with business contract, obstruction of justice, conspiracy to commit obstruction of justice, conversion, conspiracy to commit conversion, fraud, conspiracy to commit fraud, and racketeering. (Id.) The Complaint alleges multiple grounds for jurisdiction, including diversity of citizenship and an amount in controversy greater than $75,000 pursuant to 28 U.S.C. § 1332, and federal question jurisdiction for the racketeering and constitutional claims. (Id.)

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. Federal courts are under an "an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and may sua sponte raise the issue of subject matter jurisdiction at any time. Mobilitie

Mgmt., LLC v. Harkness, Case No. 16-CV-1747, 2016 WL 10879714, at *1 (C.D. Cal. Oct. 31, 2016).

Plaintiff asserts diversity jurisdiction but fails to properly allege diversity of citizenship. The Complaint alleges that Plaintiff is a resident of California. (Complaint ¶ 3.) The Complaint also alleges that three of the Defendants are residents of California. (Complaint ¶¶ 5-7.) These facts preclude diversity jurisdiction. Proper diversity jurisdiction requires complete diversity, so each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

Additionally, it appears that Plaintiff's claims are jurisdictionally barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine prevents a federal district court from exercising jurisdiction over a direct appeal from the final judgment of a state court. Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003). The Ninth Circuit has provided the following general formulation of the Rooker-Feldman doctrine:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.

Noel, 341 F.3d at 1164 (italics in original). The Rooker-Feldman doctrine applies where a party is (1) asserting as his legal injury legal error(s) by the state court and (2) seeks as his remedy relief from the state court judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). If plaintiff's action constitutes a de facto appeal, the doctrine also prohibits any issue that is "inextricably intertwined" with the state court's judgment. Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). A claim is "inextricably intertwined" with a state court judgment "if the general claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. at 778 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987)).

Plaintiff's Complaint is barred by the Rooker-Feldman doctrine because Plaintiff seeks relief from decisions issued by the California Superior Court for Riverside County in a family law matter concerning Plaintiff. Indeed, all 20 of Plaintiff's causes of action concern that state court proceeding and/or a federal bankruptcy proceeding which is apparently related to the state court proceeding. (See generally Complaint.) Although an exception to the Rooker-Feldman doctrine is extrinsic fraud on the Court, see Noel, 341 F.3d at 1141, Plaintiff's claims do not appear to be based in extrinsic fraud but rather alleged errors of the Riverside Superior Court. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1141 (9th Cir. 2004). All of Plaintiff's causes of action are either a de facto appeal of a state court judgment or inextricably intertwined with a state court order. The Complaint is thus barred by Rooker-Feldman.

Accordingly, this case is **DISMISSED** for lack of subject matter jurisdiction. Because amendment cannot cure the subject matter jurisdiction deficiencies identified above, Plaintiff is not granted leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The Clerk is directed to close the case.

**IT IS SO ORDERED.**